IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Robert Lacey, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. _____ |
| Lending Solutions, Inc., a domestic limited liability company, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Robert Lacey ("Plaintiff"), on behalf of himself and others similarly situated, and brings this action against Lending Solutions, Inc. ("LSI") under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") for unpaid overtime compensation.

## PARTIES

1. The Plaintiff, Robert Lacey ("Plaintiff"), is a resident of Gwinnett County, Georgia and is a former employee of Defendant, LSI.

2. Plaintiff brings this action, on behalf of himself and all others similarly situated, for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

3.  Plaintiff worked for Defendant as a loan officer and performed related duties for Defendant in, among others, Gwinnett County in Georgia from September 15, 2009 through December 20, 2010.

4.  Defendant, LSI, is a Georgia corporation with its principal place of business in Duluth, Georgia.  LSI operates and conducts business in, among others, Gwinnett County, Georgia and is, therefore, within the jurisdiction of this Court.

5.  This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.  This action is intended to include each and every similarly situated employee who worked for Defendant at any time within the past three (3) years.

6.  Based upon information and belief, at all material times relevant to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s), as it is believed that Defendant had an annual business dollar volume of at least $500,000.

7.  Defendant is engaged in interstate commerce and was so engaged during Plaintiff's employment with Defendant.

8.  At all relevant times, Defendant had two or more employees of its enterprise individually engaged in commerce or whom otherwise individually meet the traditional test of individual coverage.

9. Plaintiff was individually covered by the FLSA as he utilized the instrumentalities of commerce while he performed his duties for Defendant.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS

12. Plaintiff was employed by Defendant as a mortgage loan officer from September 15, 2009 through December 20, 2010.

13. Plaintiff was an employee of Defendant and performed work for Defendant at Defendant's place of business.

14. Plaintiff was a non-exempt employee.

15. Plaintiff's duties included soliciting potential customers for mortgage loans and making sales of mortgage loans to customers.

16. Defendant paid Plaintiff bi-weekly draw that was offset by any commissions earned by Plaintiff.

17. Plaintiff's commissions were based on a percentage of the fees generated on loans that he closed.

18. Plaintiff worked over forty (40) hours during one or more workweeks while employed by Defendant.

19. Defendant did not pay Plaintiff overtime compensation for the hours worked over 40 in a workweek by Plaintiff.

20. At intermittent times relevant to this action, Defendant failed to comply with 29 USC §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of 40 within a workweek.

21. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody, or control of Defendant.

## COUNT ONE:
## RECOVERY OF OVERTIME COMPENSATION

22. Plaintiff reasserts and incorporates by reference all allegations contained within paragraphs 1-21 above.

23. Plaintiff worked over forty (40) hours during one or more workweeks while employed by Defendant.

24. Defendant did not pay Plaintiff overtime compensation for the hours worked over 40 in a workweek by Plaintiff.

25. Plaintiff was entitled to be paid overtime compensation for each hour worked in excess of 40 per workweek.

26. Defendant's failure to pay Plaintiff overtime compensation for overtime hours worked violated the FLSA.

27. Upon information and belief, Defendant's failure to properly compensate Plaintiff for his overtime hours worked was willful and/or reckless, as Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## DAMAGES AND REQUESTED RELIEF

28. As a result of Defendant's intentional, willful, and reckless failure to lawfully compensate Plaintiff and all others similarly situated for overtime hours that they worked, Plaintiff and all others similarly situated have suffered damages and incurred reasonable attorney's fees and costs.

29. As a result of Defendant's intentional, willful, and reckless violation(s) of the FLSA, Plaintiff and all others similarly situated are entitled to back wages and liquidated damages from Defendant for all hours worked in excess of 40-hours during one or more workweeks within the past 3 years.

30. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand payment of their overtime wages at the correct rate pursuant to 29 U.S.C. § 207 found to be due and owing, an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), declaratory relief pursuant to the DJA and FLSA finding that Defendant's practice of not paying overtime wages to Plaintiff violates the FLSA, and that all hours worked over forty in a workweek should be paid at time and one-half of an employees' regular rate of pay as long as an employee is not exempt from the FLSA, pre-judgment and post-judgment interest where applicable, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and such further relief as this Honorable Court may deem to be just and proper.

Respectfully submitted,

MORGAN & MORGAN, PA

By:   s/Jennifer M. Bermel
Jennifer M. Bermel, # 794231
2600 One Commerce Square
Memphis, Tennessee 38103
Tel: (901) 217-7000
Fax: (901) 333-1871
Email: jbermel@forthepeople.com

DATED: March 4, 2011